UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JEFFERY KYLE LANDRUM** | **CIVIL ACTION NO. 23-340-P** |
| **VERSUS** | **JUDGE HICKS** |
| **SAM DOWIES, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Before the court is a civil rights complaint filed by pro se plaintiff Jeffery Kyle Landrum ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 14, 2023. Plaintiff names the Claiborne Parish Sheriff's Office, Sheriff Sam Dowies, Deputy Brian Driskill, Detective Kevin Brown, Detective Ryan Barnett, Brandy Peck, James Bellamy, Confidential Informant Sean Bowers, and Angel Brancato as defendants.

Plaintiff claims that on November 1, 2021, Brandy Peck, James Bellamy, and Sean Bowers failed a false report of simple criminal damage to property against him. He claims Brandy Peck and James Bellamy stated in a police report that they heard his voice outside the residence but never actually saw him on the premises. He claims Sean Bowers made a statement three days after the alleged crime and stated in a police report that he saw a white male wearing a ball cap and driving a white Ford truck. He claims Sean Bowers did not identify him in a photo lineup and did not identify his Ford truck.

Plaintiff claims that on November 5, 2021, Detectives Kevin Brown, Ryan Barnett, and Robby Byrd went to his residence to interview him regarding the simple criminal damage to property allegation. He claims Detective Brown knew he was represented by counsel and that he was to meet with him on November 9, 2021. He claims Detective Brown asked him if he was willing to speak to him without counsel present and he replied that he was not. He claims Detective Brown then questioned his wife about knowing Brandy Peck and about an extramarital affair. He claims Detective Byrd then informed his wife that she was not under investigation and was not a person of interest. Plaintiff claims he asked Detectives Brown and Barnett if they wanted to review surveillance from his game cameras that would establish his alibi. He claims Detectives Brown and Barnett replied they were not there to go hunting and failed to properly investigate the crime. Plaintiff informed Detectives Brown and Barnett that he would not be making a statement. He claims Detective Brown then took a photograph of his truck and asked if it was his vehicle. Plaintiff did not respond and returned to his residence to call his attorney. Plaintiff claims that a short time later, Detective Brown contacted him by phone and asked if he was going to speak with him without his attorney present. Plaintiff told him that he was not and to refer all his question to his attorney. He claims his attorney notified Detective Brown that he had violated Plaintiff's constitutional rights by attempting to obtain a statement without his consent.

Plaintiff claims that on November 16, 2021, Detective Brown obtained an arrest warrant for him for simple criminal damage to property by fabricating evidence and

committing perjury. He claims Detective Brown stated in the arrest warrant that his truck was seen on video leaving the premises of the alleged crime. Plaintiff claims the photograph he saw Detective Brown take of his truck was the one used in place of the video to obtain the arrest warrant.

Plaintiff claims that on November 19, 2021, Sheriff Sam Dowies, Chief Deputy Brain Driskill, and Detective Brown arrived at his residence to serve the arrest warrant. He claims that while serving the arrest warrant, Detective Brown placed him in handcuffs so tight that his blood flow was restricted, and his hands turned purple. He claims that when Detective Brown patted him down, he intentionally grabbed his genitalia using excessive force and whispered in his ear "who's the bitch now." He claims Chief Deputy Driskill ordered all uniform personal wearing body cameras to wait outside so nothing could be recorded. Plaintiff claims that while Detective Brown escorted him out of his residence and to the patrol car, he slammed him into a door frame causing him to suffer three builging disks in his lower back. He claims Detective Brown attempted to trip him and cause him to fall down a set of steps so he could file a resisting an officer charge against him.

Plaintiff claims that after he was placed in the patrol car, Sheriff Dowies and Chief Deputy Driskill spoke to several family members and made defamatory statements about him. He claims Sheriff Dowies told his wife that he was a liar and guilty because he had secured counsel. He claims Chief Deputy Driskill informed his wife that he was seen on video. He claims that when his wife asked to see the video, Chief Deputy Driskill showed her pictures on his cell phone of the damage to the vehicles. He claims Sheriff Dowies

informed his wife that she needed to file for a divorce and referred to him as a piece of white trash.

Plaintiff claims that on July 5, 2022, Assistant District Attorney Carey Brown informed his attorney that there was no video as alleged by Detective Brown in his offense report and affidavit for arrest warrant. He argues this proves Detective Brown abused his authority as a peace officer and committed perjury.

Plaintiff claims that on February 1, 2022, Angel Brancato filed a false report of battery against an emergency medical service person. He claims she alleged in the police report that he smacked her on the upper backside of her upper right thigh. He claims Brancato further stated that there was no witness to this act. He claims Detective Brown relied on her report to obtain an arrest warrant against him. Plaintiff claims he is a licensed paramedic and is authorized to respond to medical or trauma calls as a first responder. He claims he was a first responder acting as an off duty paramedic on this day.

Plaintiff claims that on February 3, 202[2], Detective Brown contacted him regarding the arrest warrant and advised him that he needed to meet him at the Claiborne Parish Detention Center to turn himself him or he would come to his job to arrest him. Plaintiff arranged to turn himself in and did so. He claims that during the booking process, Detective Brown got in his face and informed him that he would "f… him up." He took this as a threat of violence. Plaintiff claims Captain Morgan informed Detective Brown that his behavior would not be tolerated within the Claiborne Parish Detention Center and abuse of an inmate is a violation of his constitutional rights. Plaintiff claims he was

threatened with bodily harm, groped, and harassed when he did not answer questions to the arresting detectives' satisfaction. Plaintiff claims the Sheriff's Office refuses to release the video of the incident to him.

Plaintiff claims that on November 28, 2022, the assistant district attorney reduced the simple criminal damage to property charge to the lowest misdemeanor possible. He claims the reduced charge meant he would have a bench trial or could accept pretrial diversion. Plaintiff argues his right to a fair and impartial trial among his peers was violated.

Plaintiff claims all charges against him have been dismissed. He claims he was placed on pre-trial diversion on February 8, 2023 and completed the program on March 6, 2023.

Accordingly, Plaintiff seeks compensatory and punitive damages, attorney fees, judicial interest, and all costs and expenses.

For a Section 1983 claim to be meritorious, the Plaintiff must allege facts sufficient to establish that state actors were deliberately indifferent to his constitutional rights. See Whitley v. Albers, 475 U.S. 312 (1986). Before this court can determine the proper disposition of this matter, the Plaintiff should be given the opportunity to set forth with specificity the factual basis of his claim. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

For this court to determine what action, if any, shall be taken on this suit;

**THE CLERK IS DIRECTED** to serve by mail, a copy of this memorandum order upon the Plaintiff, who is **ORDERED** to furnish to the Clerk of Court in Shreveport, Louisiana, within thirty (30) days after service of this order, an amended complaint setting forth the factual allegations of his civil rights suit. Specifically, the Plaintiff must submit the following to this court:

1. Is he currently incarcerated and if so on what charge(s) and/or conviction(s);

2. What was the simple criminal damage of property charge reduced to;

3. What is the status of the battery against an emergency medical service person charge; and

4. For which charge(s) did he enter the pre-trial diversion plan.

Failure to do so will result in dismissal of Plaintiff's suit pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 3rd day of May 2023.

                                              Mark L. Hornsby
                                              U.S. Magistrate Judge